PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* OSCAR SERRANO, Defendant and Appellant. SAME *v.* SAME.

Nos. 5240 and 5241.   Argued December 7, 1933.—Decided December 15, 1933.

*Luis A. Castro,* for appellant.   *R. A. Gomez, Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Angel Borrero, an insular policeman, filed a complaint against Oscar Serrano charging him with aggravated assault

in that he attacked Francisco Iturrondo with intent to cause him great bodily harm by firing a revolver at him but missing him. He also filed a separate complaint against the said Serrano for the offense of carrying a weapon. Both crimes were committed in Santurce, San Juan, on April 21, 1933.

The two cases were taken on appeal to the district court where they were tried *de novo*. Evidence was introduced in the prosecution for assault and the parties stipulated that the same evidence would be used in the prosecution for carrying a weapon. The stipulation was approved and the court found the defendant guilty of both charges and sentenced him to six months' imprisonment in jail for aggravated assault and to two months' imprisonment for carrying a revolver, which is a prohibited weapon.

Serrano appealed to this Supreme Court and in a single brief for both appeals he maintains that the court erred in passing upon the evidence and in assuming the existence of the crime of aggravated assault.

We have examined the evidence offered and in our judgment the same is sufficient in both cases. The first error assigned is nonexistent.

Similarly as to the second assignment. The crime of aggravated assault is recognized under the statute, "and that this offense exists," said this court in the case of *People* v. *Méndez*, 39 P.R.R. 590,—

"was decided clearly in 1927 when the question was submitted to this court in *Lange* v. *People*, 24 P.R.R. 796.

"The jurisprudence was established as follows:

"'Sections 1 to 8 inclusive of the Act to define and punish simple assault, simple assault and battery, aggravated assault and aggravated assault and battery, and to repeal section 237 of the Penal Code, approved March 10, 1904, are literal copies, with the exception of a few insignificant changes, of sections 587, 593, 594, 595, 598, 601, 602 and 603 of the Penal Code of Texas.

"'No separate and distinct offense was intended to be created by the mere enumeration of aggravating circumstances in section 6 of the Act of March 10, 1904, defining and punishing assault and assault

and battery, or by the provision in section 8 for the imposition of a heavier penalty by reason thereof. Section 6 refers to assault as well as to assault and battery, for the history, context and plainly expressed purpose of the Act show that in providingg that "assault and battery" shall be considered aggravated when attended by the circumstances enumerated therein, the Legislature intended to say "assault or battery"; which interpretation is in complete harmony with the spirit and text of section 3 and subdivision 14 of section 559 of the Penal Code, and does no great violence to the true principle of strict construction as understood and applied by the best modern authorities, who "recognize only one rule as absolutely invariable namely, to seek out and enforce the actual meaning and will of the law-making power." ' "

And in the case of *People* v. *Matos*, 35 P.R.R. 789, it was declared:

"(1) The appellant, citing *People* v. *Suárez*, 23 P.R.R. 226, says that the words in the complaint are not sufficient to show an assault on or at a person; that to say a defendant assaulted with a revolver, firing a shot at him does not show such an assault. That the words do show a criminal assault is self-evident.

"(2) The appellant maintains that no aggravated assault, of which the defendant was convicted, is defined by Act of March 10, 1904. The act defines an assault and battery and substantially says that an assault is an attempt to commit a battery, meaning thereby what was first defined as an 'assault and battery.' Then in another section the act says that an assault and battery becomes aggravated when committed under certain circumstances. Necessarily an assault committed under the same circumstances is an aggravated one. This is made clearer by the section fixing the punishment which provides as follows:

" 'Section 8, Act of March 10, 1904.—The punishment for an aggravated assault, or aggravated assault and battery, shall be a fine of not less than fifty nor more than one thousand dollars, or imprisonment in jail not less than one month nor more than two years, or by both such fine and imprisonment.'

"We cannot hold that the court committed an error in fixing the punishment at six months for this aggravated assault with a dangerous weapon."

The judgments appealed from must be affirmed.